IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARMONY BIOSCIENCES MANAGEMENT, INC. and NOVITIUM PHARMA LLC,

Plaintiffs,

v.

AET PHARMA US, INC., AET LABORATORIES PRIVATE LIMITED, ALFRED E. TIEFENBACHER (GMBH & CO. KG), SANDOZ INC., and SANDOZ AG,

Defendants.

C.A. No. ___________

# COMPLAINT

Plaintiffs Harmony Biosciences Management, Inc. ("Harmony") and Novitium Pharma LLC ("Novitium") (Harmony and Novitium collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) (collectively, "AET"), and Sandoz Inc. and Sandoz AG (collectively, "Sandoz") (AET and Sandoz collectively, "Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of patent infringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, Title 35 of the United States Code, arising from AET's submission of Abbreviated New Drug Application ("ANDA") No. 218892 (the "AET ANDA") to the United States Food and Drug Administration ("FDA"), in partnership with Sandoz, seeking approval to market generic versions of the pharmaceutical product WAKIX® (pitolisant hydrochloride), 4.45 mg and 17.8 mg tablets (the "AET ANDA Products"), prior to the expiration of U.S. Patent No. 11,945,788 ("the '788

Patent"), and Defendants' plans to commercially manufacture, use, offer for sale, sell, and/or import such generic products prior to the expiration of the '788 Patent.

**THE PARTIES**

2. Plaintiff Harmony Biosciences Management, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 630 W Germantown Pike, Suite 215, Plymouth Meeting, PA 19462. Harmony Biosciences Management, Inc. is the exclusive licensee of the '788 Patent with respect to WAKIX® and the holder of New Drug Application ("NDA") No. 211150 for WAKIX®.

3. Plaintiff Novitium Pharma LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 70 Lake Drive, East Windsor, New Jersey 08520. Novitium is the assignee of the '788 Patent.

4. On information and belief, Defendant AET Pharma US, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9841 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

5. On information and belief, AET Laboratories Private Limited is a corporation existing under the laws of the Republic of India, having a place of business at Survey No. 42, Gaddapotharam Village, Kazipally Industrial Area, Sangareddy District, Telangana State, 502319, India.

6. On information and belief, Alfred E. Tiefenbacher (GmbH & Co. KG) is a corporation organized and existing under the laws of Germany, having a place of business at Van-der-Smissen Strasse 1, 22767 Hamburg, Germany.

7. Alfred E. Tiefenbacher (GmbH & Co. KG) is the parent company of AET Pharma US, Inc. and AET Laboratories Private Limited. *See Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 24-941 (JLH) (D. Del.), D.I. 11. Alfred E. Tiefenbacher (GmbH

& Co. KG), AET Pharma US, Inc., and AET Laboratories Private Limited are part of the Tiefenbacher Group. *See Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 18.

8. On information and belief, Alfred E. Tiefenbacher (GmbH & Co. KG) owns the AET ANDA.

9. On information and belief, AET Pharma US, Inc. and AET Laboratories Private Limited act at the direction, and for the benefit, of Alfred E. Tiefenbacher (GmbH & Co. KG), and each is controlled and/or dominated by Alfred E. Tiefenbacher (GmbH & Co. KG).

10. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

11. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products in the United States.

12. For example, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) collaborated with regard to the development, regulatory approval, and manufacture of the generic posaconazole product subject to ANDA No. 213454. Alfred E. Tiefenbacher (GmbH & Co. KG) issued a press release dated February 8, 2021, which is still available on its website and states, "AET Pharma US Inc, part of TIEFENBACHER

GROUP, received FDA approval of the Abbreviated New Drug Application (ANDA) for Posaconazole in 100 mg Delayed-Release Tablets."[1]

13. The press release further states that AET's generic posaconazole product was developed by and is manufactured at AET's facility in Hyderabad, India. The label for AET Pharma US Inc.'s approved posaconazole ANDA product identifies "AET Laboratories Private Limited" as the drug product manufacturer.[2] The Tiefenbacher Group website memorializes the "Tiefenbacher Group AET Laboratories 20th anniversary celebration" and shows that "AET Laboratories [Private Limited]" is the Tiefenbacher Group's "development and manufacturing site in Hyderabad, India."[3]

14. On information and belief, AET Laboratories Private Limited develops, manufactures, tests, packages, stores, and releases generic solid oral dosage forms for sale in the United States and provides information for regulatory submissions to obtain approval for such generic products.

15. On information and belief, the Tiefenbacher Group sometimes refers to AET Laboratories Private Limited as Tiefenbacher Laboratories or AET Laboratories India.

16. In *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al*., C.A. No. 23-1286 (JLH) (D. Del.), counsel for AET Pharma US, Inc. represented that "AET Pharma US was

---

[1] *See* Ex. B, Tiefenbacher Group, "AET Pharma US Inc., Part of Tiefenbacher, approval of Abbreviated New Drug Application (ANDA) for Posaconazole," https://tiefenbachergroup.com/news/aet-pharma-us-inc-part-of-tiefenbacher-approval-of-abbreviated-new-drug-application-anda-for-posaconazole/ (*last accessed 4/8/2026*).

[2] *See* Ex. C, NIH Library of Medicine, DailyMed, "Label: Posaconazole tablet, delayed release," https://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=548124ce-8050-46a9-967b-ff23dfb18633 (*last accessed 4/8/2026*).

[3] *See* Ex. D, Tiefenbacher Group, "Tiefenbacher Group AET Laboratories 20th anniversary celebration," https://tiefenbacher-api.com/news/tiefenbacher-group-aet-laboratories-20th-anniversary-celebration/ (*last accessed 4/8/2026*)

not involved in research and development of the ANDA Products, API selection, and testing." *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 27. Tasks necessary for preparation and submission of the AET ANDA, such as the research and development of the ANDA Products, API selection, and testing, were performed by other entities in the Tiefenbacher Group, specifically, AET Laboratories Private Limited. *Id.*

17. AET's 2024 Product List indicates that AET's generic pitolisant tablets were developed "in-house" and will be manufactured in a Zone IVb environment.[4] India is a Zone IVb environment. *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 28. Tiefenbacher Laboratories (*i.e.,* AET Laboratories Private Limited) in Hyderabad, India is the only facility identified in AET's 2024 Product List as an FDA-approved manufacturing facility, indicating that it is the AET manufacturing facility used for the generic pitolisant tablet products intended for the United States market.

18. AET Laboratories Private Limited was and is involved in the development and manufacture of AET's generic pitolisant tablets. *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 29.

19. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) caused the AET ANDA to be submitted to FDA and seek approval of that application to permit AET to market generic versions of WAKIX® tablets in the United States.

20. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) acted collaboratively in the preparation

[4] *See* Ex. E, Tiefenbacher Group, "Tiefenbacher FDF Product List," https://tiefenbacher-pharmaceuticals.com/wp-content/uploads/2024/04/TIEFENBACHER-FDF-PRODUCT-LIST-2024.pdf (*last accessed 4/8/2026*)

and submission of the AET ANDA and continue to act collaboratively in pursuing FDA approval of the AET ANDA and seeking to market the proposed generic pitolisant hydrochloride tablets described in the application.

21. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) intend to commercially manufacture, market, offer for sale, and sell the products described in ANDA No. 218892 ("AET ANDA Products") throughout the United States, including in the State of Delaware, upon FDA approval of the AET ANDA.

22. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) rely on material assistance from one another to obtain regulatory approval for, develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) intend to act collaboratively to commercially manufacture, import, market, distribute, offer for sale, and/or sell the AET ANDA Products, in the event FDA approves the AET ANDA.

23. On information and belief, Defendant Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 College Road West, Princeton, NJ 08540.

24. On information and belief, Defendant Sandoz AG is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Centralbahnstrasse 4, 4051 Basel, Switzerland.

25. On information and belief, Sandoz Inc. is a wholly owned subsidiary of Sandoz AG.

26. On information and belief, Sandoz Inc. acts at the direction, and for the benefit, of Sandoz AG and is controlled and/or dominated by Sandoz AG.

27. On information and belief, Sandoz Inc. and Sandoz AG are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

28. On information and belief, Sandoz Inc. and Sandoz AG collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products in the United States.

29. On information and belief, Sandoz is AET's commercial partner with respect to the AET ANDA Products within the United States.

30. On information and belief, Sandoz AG has entered into an agreement with AET Pharma US, Inc. for the commercialization of AET's ANDA Products within the United States.

31. On information and belief, under its agreement with AET Pharma US, Inc., Sandoz AG intends to import, distribute, market, offer for sale, and/or sell the AET ANDA Products throughout the United States, including in the State of Delaware, upon FDA approval of the AET ANDA.

32. On information and belief, Sandoz Inc. intends to support the commercialization of the AET ANDA Products in the United States under Sandoz AG's agreement with AET Pharma US, Inc., including by importing, distributing, marketing, offering for sale, and/or selling the AET ANDA Products throughout the United States, including in the State of Delaware, upon FDA approval of the AET ANDA.

33. On information and belief, Sandoz AG and Sandoz Inc. rely on material assistance from each other to obtain regulatory approval for, develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Sandoz AG and Sandoz Inc. intend to act collaboratively to commercially manufacture, import, market, distribute, offer for sale, and/or sell the AET ANDA Products, in the event FDA approves the AET ANDA.

34. On information and belief, AET and Sandoz, acting through and in furtherance of Sandoz AG's agreement with AET Pharma US, Inc., act collaboratively in pursuing FDA approval of the AET ANDA and seeking to market the proposed generic pitolisant hydrochloride tablets described in the application.

**WAKIX®**

35. WAKIX® is a first-in-class drug indicated for the treatment of excessive daytime sleepiness ("EDS") and cataplexy in patients with narcolepsy.

36. Narcolepsy is a debilitating disease that can severely affect a patient's day-to-day functioning and can have a devastating impact on quality of life.

37. WAKIX®'s active ingredient, pitolisant hydrochloride, is an antagonist/inverse agonist of the histamine-3 ($H_3$) receptor.

38. WAKIX® first received FDA approval on August 14, 2019. It is the first FDA-approved $H_3$ receptor antagonist/inverse agonist and the first FDA-approved once-daily tablet for treatment of EDS and cataplexy in narcolepsy. It is also the only FDA-approved treatment for EDS and cataplexy in narcolepsy that is not a scheduled controlled substance.

39. WAKIX® was granted orphan drug exclusivity for the treatment of excessive daytime sleepiness in adult patients with narcolepsy and for the treatment of cataplexy in adult patients with narcolepsy; fast track designation for the treatment of excessive daytime sleepiness

and cataplexy in patients with narcolepsy; and breakthrough therapy designation for the treatment of cataplexy in people with narcolepsy.

40. WAKIX® is available in film-coated tablets containing 5 mg or 20 mg of pitolisant hydrochloride (equivalent to 4.45 mg or 17.8 mg of pitolisant free base, respectively).

41. The labeling for WAKIX® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer and/or use WAKIX® for the treatment of EDS and cataplexy in patients with narcolepsy.

**THE ’788 PATENT**

42. The ’788 Patent is entitled “Process for Preparing Pitolisant Hydrochloride and Solid-State Forms Thereof,” and was duly and lawfully issued by the USPTO on April 2, 2024. The ’788 Patent is attached hereto as Exhibit A.

43. The claims of the ’788 Patent are directed to, *inter alia*, processes for preparing pitolisant, pharmaceutically acceptable salts and solid-state forms of pitolisant, including pitolisant hydrochloride, and certain intermediates used to prepare pitolisant.

44. Novitium is the owner and assignee of the ’788 Patent.

45. On January 11, 2026, Novitium granted Harmony Biosciences Management, Inc. an exclusive license to various intellectual property rights, including to the ’788 Patent with respect to WAKIX®.

46. Plaintiffs own all rights, title, and interest in and to the ’788 Patent.

**AET ANDA NO. 218892**

47. Defendants have submitted the AET ANDA to FDA, or caused the AET ANDA to be submitted to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a purported generic version of WAKIX® prior to the expiration of the ’788 Patent.

48. AET sent a letter to Harmony, dated October 14, 2023, identified as "Pitolisant tablets, 4.45 mg and 17.8 mg, ANDA No. 218892, Notice of Paragraph IV Certification for U.S. Patent Nos. 8,207,197 and 8,486,947." AET's October 14, 2023 Notice Letter represented that AET had submitted to FDA the AET ANDA and a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the AET ANDA before the expiration of U.S. Patent Nos. 8,207,197 ("the '197 Patent") and 8,486,947 ("the '947 Patent"), which are patents listed in the Orange Book for WAKIX®.

49. The '197 Patent expires on March 7, 2030, and the '947 Patent expires on September 26, 2029. Thus, on information and belief, AET's purpose in submitting the AET ANDA is to manufacture and market the AET ANDA Products before September 26, 2029, which is before the expiration of the '788 Patent.

50. On November 21, 2023, the litigation captioned *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1340 (JLH) (D. Del.) was filed against, *inter alia*, AET Pharma US, Inc. alleging patent infringement of the '947 Patent and the '197 Patent arising from the submission of the AET ANDA. On April 15, 2024, C.A. No. 23-1340 was consolidated with *Harmony Biosciences, LLC et al. v. Lupin Limited et al.*, C.A. No. 23-1286 (JLH) (D. Del.).

51. AET sent a second Notice Letter to Harmony dated August 7, 2024. AET's August 7, 2024 Notice Letter represented that AET had submitted to FDA the AET ANDA and a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the AET ANDA before the expiration of the patents listed in the Orange Book for WAKIX®. Thus, on information and belief, AET's purpose in submitting the AET ANDA remains to manufacture and market the AET ANDA Products before September 26, 2029, and thus before the expiration of the '788 Patent.

52. On August 13, 2024, the litigation captioned *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 24-941 (JLH) (D. Del.) was filed against AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG), for patent infringement of the ’947 Patent and the ’197 Patent arising from Harmony’s receipt of AET’s August 7, 2024 Notice Letter, which case was consolidated with C.A. No. 23-1286 on October 4, 2024.

53. On information and belief, AET was responsible for the submission of the AET ANDA, participated in the preparation and submission of the AET ANDA, and intends to support the further prosecution of the AET ANDA.

54. On information and belief, Sandoz serves as a commercial partner to AET with respect to the AET ANDA Products and has active involvement in AET’s preparation and prosecution of the AET ANDA.

55. By submitting the AET ANDA, Defendants seek FDA approval to market the AET ANDA Products, which contain pitolisant hydrochloride drug substance made by a process claimed by the ’788 Patent, before the expiration of the ’788 Patent.

56. If Defendants import into the United States, offer to sell, sell, or use within the United States the AET ANDA Products upon FDA approval before the expiration of the ’788 Patent, Defendants will infringe one or more claims of the ’788 Patent under 35 U.S.C. § 271(g).

**THE AET ANDA PRODUCTS**

57. On information and belief, Defendants seek FDA approval to market the AET ANDA Products for the treatment of excessive daytime sleepiness in adult patients with narcolepsy.

58. The AET ANDA Products comprise pitolisant as their sole active pharmaceutical ingredient, present in the form of pitolisant hydrochloride.

59. At trial in *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), the admitted evidence included Common Technical Document ("CTD") summaries from the AET ANDA concerning the pitolisant hydrochloride drug substance used in manufacturing the AET ANDA Products.

60. The CTD summaries describe the manufacture and testing of the pitolisant hydrochloride drug substance, including the identities of the process-related impurities and residual solvents resulting from manufacture.

61. On information and belief, the process-related impurities and residual solvents identified in the AET ANDA correspond to the starting materials, intermediates, reagents, and solvents used in the process claimed by the '788 Patent.

62. For example, PTX-260, admitted at trial in *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), identifies 3-(4-chlorophenyl)propionic acid as the "Starting material of key starting material" and 3-(4-chlorophenyl)propan-1-ol as the "key starting material,"[5] which correspond to Formula-(IV) and Formula-(V), respectively, recited in claim 1. It also identifies 3-(4-chlorophenyl)propyl methanesulfonate as a potential process impurity arising from the "Intermediate stage," which corresponds to Formula-(III) recited in claim 1. PTX-260 also identifies 3-(piperidin-1-yl)propan-1-ol as an "In-situ intermediate," which corresponds to the same compound recited in step (e) of claim 1.[6] These compounds correspond to the starting material, intermediates, and reactant recited in claim 1 of the '788 Patent, including the compound of Formula (III) bearing the methyl sulfonate activating group. PTX-260 further lists methanol, dichloromethane, ethyl acetate, tetrahydrofuran, toluene, and triethylamine among

[5] Ex. G, PTX-260, at 9.

[6] *Id.*

the residual solvents monitored during manufacture of the pitolisant hydrochloride drug substance.[7] Triethylamine is a base other than sodium hydride and is expressly recited in dependent claim 7 of the ’788 Patent.

63. Accordingly, on information and belief, the pitolisant hydrochloride drug substance used in the AET ANDA Products is made by the process claimed by the ’788 Patent, including by converting 3-(4-chlorophenyl)-propionic acid (i.e., the compound of Formula-(IV)) through the claimed intermediates to a compound of Formula (III), reacting that compound with 3-(piperidin-1-yl)propan-1-ol in the presence of a solvent and a base other than sodium hydride to obtain pitolisant, and converting pitolisant to pitolisant hydrochloride.

64. On information and belief, upon FDA approval of the AET ANDA, Defendants intend to import into the United States, use, offer to sell, and/or sell the AET ANDA Products, which contain the pitolisant hydrochloride drug substance made by the process claimed by the ’788 Patent.

**JURISDICTION AND VENUE**

65. This action for a declaratory judgment of infringement of the ’788 Patent arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

66. This Court has personal jurisdiction over AET Pharma US, Inc. because it is a corporation organized and existing under the laws of the State of Delaware. AET Pharma US, Inc. is registered to do business as a domestic corporation in Delaware (File Number 5467023).

[7] *Id.*, at 19.

67. Additionally, this Court has personal jurisdiction over AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) because, on information and belief, each has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the AET ANDA Products in the State of Delaware upon approval of the AET ANDA.

68. On information and belief, AET is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

69. On or about July 4, 2024, the Tiefenbacher Group touted on its website its efforts to expand its relationship with customers and partners in the United States.[8]

70. On information and belief, AET is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

71. On information and belief, and as indicated by AET's October 14, 2023 Notice Letter and August 7, 2024 Notice Letter sent to Harmony pursuant to 21 U.S.C. § 355(j)(2)(B), AET prepared and filed the AET ANDA with the intention of seeking to market the AET ANDA Products nationwide, including in Delaware.

---

[8] *See* Ex. F, Tiefenbacher Group, "Tiefenbacher Group Celebrating US Independence Day," https://tiefenbacher-pharmaceuticals.com/news/tiefenbacher-group-celebrating-us-independence-day/ (*last accessed 4/8/2026*).

72. On information and belief, AET plans to sell the AET ANDA Products in the State of Delaware, list the AET ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the AET ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

73. On information and belief, AET knows and intends that the AET ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®, causing injury to Plaintiffs. AET intends to take advantage of its channels of distribution in Delaware for the sale of the AET ANDA Products.

74. Alternatively, this Court has personal jurisdiction over AET Laboratories Private Limited and Alfred E. Tiefenbacher (GmbH & Co. KG) because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) each is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) each has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the AET ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over AET Laboratories Private Limited and Alfred E. Tiefenbacher (GmbH & Co. KG) satisfies due process.

75. This Court has personal jurisdiction over Sandoz Inc. because it is a corporation organized and existing under the laws of Delaware. On information and belief, Sandoz Inc. is registered to do business as a domestic corporation in Delaware (File Number 7944830).

76. Additionally, this Court has personal jurisdiction over Sandoz Inc. and Sandoz AG because, on information and belief, each has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or

more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the AET ANDA Products in the State of Delaware upon approval of the AET ANDA.

77. On information and belief, Sandoz is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

78. On information and belief, Sandoz is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

79. On information and belief, Sandoz plans to sell the AET ANDA Products in the State of Delaware, list the AET ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the AET ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

80. On information and belief, Sandoz knows and intends that the AET ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®, causing injury to Plaintiffs. Sandoz intends to take advantage of its channels of distribution in Delaware for the sale of the AET ANDA Products.

81. Alternatively, this Court has personal jurisdiction over Sandoz AG because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Sandoz AG is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Sandoz AG has sufficient contacts in the United States as a whole,

including, but not limited to, participating in the preparation and submission of the AET ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over Sandoz AG satisfies due process.

82. Sandoz Inc. regularly invokes the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this judicial district. *See, e.g.*, *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 23-819-GBW-CJB, D.I. 22 (D. Del. Aug. 23, 2023); *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 43 (D. Del. Feb. 6, 2023); *Array BioPharma, Inc. v. Sandoz Inc.*, C.A. No. 22-1316-GBW, D.I. 12 (D. Del. Nov. 2, 2022). Sandoz Inc. has also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 23-819-GBW-CJB, D.I. 22 (D. Del. Aug. 23, 2023); *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 43 (D. Del. Feb. 6, 2023); *Array BioPharma, Inc. v. Sandoz Inc.*, C.A. No. 22-1316-GBW, D.I. 12 (D. Del. Nov. 2, 2022).

83. Venue is proper in this district for AET Pharma US, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, it is a corporation organized and existing under the laws of the State of Delaware.

84. Venue is proper in this district for AET Laboratories Private Limited and Alfred E. Tiefenbacher (GmbH & Co. KG) pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia*, each is a foreign corporation and may be sued in any judicial district, and each is subject to personal jurisdiction in Delaware.

85. Venue is proper in this district for Sandoz Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, it is a corporation organized and existing under the laws of the State of Delaware.

86. Venue is proper in this district for Sandoz AG pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia*, it is a foreign corporation and may be sued in any judicial district, and it is subject to personal jurisdiction in Delaware.

**COUNT I**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’788 PATENT**

87. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

88. On information and belief, Defendants have submitted and/or caused the submission of the AET ANDA to FDA and continue to seek FDA approval of the AET ANDA.

89. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the ’788 Patent under 35 U.S.C. § 271(g). Defendants have submitted the AET ANDA to the FDA seeking to market their ANDA Products in the United States upon approval. AET’s Notice Letter states that AET is seeking to obtain approval to engage in the commercial manufacture, use, or sale of its ANDA Products before the expiration of the ’197 Patent and ’947 Patent, which expire before the ’788 Patent.

90. On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to import into the United States or to offer to sell, sell, or use within the United States, including in the State of Delaware, the AET ANDA Products prior to the expiration of the ’788 Patent. Defendants’ actions, including, but not limited to, the submission of their ANDA and their systematic attempts to meet the applicable regulatory requirements for

approval of their ANDA, indicate a refusal to change their course of action and intent to launch imminently upon approval.

91. Unless enjoined by this Court, upon FDA approval of AET's ANDA, Defendants will infringe at least one claim of the '788 Patent under 35 U.S.C. § 271(g), including but not limited to claim 1, either literally or under the doctrine of equivalents, by using, offering to sell, or selling the AET ANDA Products in the United States or by importing the AET ANDA Products into the United States, including in the State of Delaware.

92. On information and belief, the pitolisant hydrochloride drug substance used to manufacture the AET ANDA Products is made in India by the process claimed in the '788 Patent. On information and belief, the pitolisant hydrochloride drug substance used to manufacture AET's ANDA Products is not materially changed by subsequent processes and does not become a trivial and nonessential component of another product.

93. On information and belief, Defendants have not publicly disclosed the manufacturing process used to make the pitolisant hydrochloride drug substance in the AET ANDA Products, except to the extent disclosed in the public trial record. On information and belief, there is a substantial likelihood that the pitolisant hydrochloride drug substance used in the AET ANDA Products has been or will be made by the process claimed in the '788 Patent, including based on the process-related impurities and residual solvents identified in the AET ANDA corresponding to the intermediates, reagents, and solvents of the claimed process as set forth in paragraphs 57-63.

94. To the extent Plaintiffs are unable to determine the process actually used in the production of the pitolisant hydrochloride drug substance after making a reasonable effort to so determine, Plaintiffs are entitled, under 35 U.S.C. § 295, to a presumption that the pitolisant hydrochloride drug substance was made by the process claimed in the '788 Patent, and Defendants

bear the burden of establishing that the pitolisant hydrochloride drug substance in the AET ANDA Products has not been and will not be made by the process claimed in the ’788 Patent.

95. On information and belief, Defendants have actual knowledge of the ’788 Patent and are aware that importing the AET ANDA Products into the United States, or using, offering to sell, or selling the AET ANDA Products within the United States, prior to the expiration of the ’788 Patent will constitute an act of infringement of the ’788 Patent.

96. As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between the parties hereto as to the infringement of the ’788 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

97. Plaintiffs will be substantially and irreparably harmed if Defendants are not enjoined from infringing the ’788 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

98. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys’ fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

a. A declaratory judgment that, under 35 U.S.C. § 271(g), Defendants’ importing into the United States or using, offering to sell, or selling within the United States the AET ANDA Products would constitute infringement of one or more claims of the ’788 Patent;

b. A permanent injunction restraining and enjoining Defendants, their affiliates and subsidiaries, and all persons and entities acting in concert with Defendants, from using, offering

for sale, or selling or importing into the United States the AET ANDA Products, until the day after expiration of the ’788 Patent, including any additional exclusivity period applicable to that patent, and from otherwise infringing the claims of the ’788 Patent;

c. An award of damages or other relief in an amount to be determined at trial including both pre-judgment and post-judgment interest, if Defendants engage in the use, offer for sale, sale, and/or importation of the AET ANDA Products, or any product that infringes the ’788 Patent prior to the expiration of the ’788 Patent or any later expiration of exclusivity for the ’788 Patent, including any extensions or regulatory exclusivities;

d. The entry of a judgment declaring that Defendants’ acts render this case an exceptional case and awarding Plaintiffs their attorneys’ fees pursuant to 35 U.S.C. § 285;

e. An award to Plaintiffs of their costs and expenses in this action; and

f. Such other and further relief as the Court may deem just and proper.

Dated: September 23, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Harmony Biosciences Management, Inc.*

OF COUNSEL:

Alexander B. Spiro
Matthew A. Traupman
Laura L. Fairneny
Nicola R. Felice
Elliot Choi
Abigail M. Graegin
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

John L. Yang
QUINN EMANUEL URQUHART & SULLIVAN LLP
3100 McKinnon Street, Suite 1125
Dallas, TX 75201
(469) 902-3600

Christopher N. Sipes
Brianne (Bharkhda) Sullivan
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000

Dated: September 23, 2026

SHAW KELLER LLP

*/s/ Nate R. Hoeschen*

Nathan R. Hoeschen (#6232)
Karen E. Keller (No. 4489)
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiff Novitium Pharma LLC*

OF COUNSEL:

Nicholas K. Mitrokostas
Shaobo Zhu
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300

Michelle Bone
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600